**\*\*E-filed 09/10/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHANEL, INC.,

        Plaintiff,

  v.

ZHANG SAN, et al.,

        Defendants.
_____/

No. C 10-2180 RS

**ORDER GRANTING APPLICATION FOR AUTHORIZATION TO SERVE PROCESS BY EMAIL**

    Plaintiff filed this action alleging that defendants, based in the People's Republic of China, have engaged in the sales of counterfeit copies of plaintiff's products through a large number of internet websites. Despite extensive efforts, plaintiff has been unable to locate any legitimate physical address at which defendants can be found for purposes of serving the summons and complaint. Plaintiff has therefore filed an "*ex parte* application"[1] seeking Court authorization to effect service by email, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, which allows for service "by other means not prohibited by international agreement, as the court orders."

---

[1] Civil Local Rule 7-10 defines an "*ex parte*" motion as one "filed without notice to opposing party," and permits such motions only where authorized by "statute, Federal Rule, local rule or Standing Order" under the circumstances. While plaintiff asserts that it may proceed *ex parte* under the provisions of California Rules of Court Rule 3.1204(b), that rule has no applicability in this forum. Nevertheless, because plaintiff has shown that it in fact gave notice to defendants of its application through the only available means of email, the motion will be deemed as having been properly brought under Local Rule 7-11.

This Court has previously held that service by email on defendants located in a foreign country is not permissible where the country exercised its rights under Article 10 of the Hague Convention to object to service through "postal channels." *See Agha v. Jacobs*, 2008 WL 2051061 (N.D.Cal. 2008). China apparently has so objected.[2]

In *Agha*, however, there was no dispute that plaintiff had a valid physical address and could accomplish service through compliance with the ordinary procedures of the Hague Convention. Here plaintiff lacks a similar option, with the result that a different "balance" must be struck between the benefits and limitations of email service. See *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case."); *Agha*, 2008 WL 2051061, * 1 (distinguishing *Rio* on the basis, among other things, that the *Rio* plaintiffs lacked a physical address for the defendant). More importantly, the Article 1 of the Convention states that it does not apply where, "the address of the person to be served with the document is not known." 20 U.S.T. 361 (U.S.T. 1969); *see BP Products North America, Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D.Va. 2006).

Accordingly, plaintiff has shown good cause to permit it to serve the summons and complaint by email, at the addresses specified in its motion. The motion is therefore granted.

Dated: 09/10/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2] See the website of the Hague Conference on Private International Law at
*http://www.hcch.net/index_en.php?act=status.comment&csid=393&disp=resdn*

2